IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RECKITT BENCKISER PHARMACEUTICALS INC., and MONOSOL RX, LLC,<br><br>                    Plaintiffs,<br><br>     v.<br><br>PAR PHARMACEUTICAL, INC., and INTELGENX TECHNOLOGIES CORP.<br><br>                  Defendants. | C.A. No. 14-1573 (RGA) |

## DEFENDANTS PAR PHARMACEUTICAL, INC.'S AND INTELGENX TECHNOLOGIES CORP.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT

Par Pharmaceutical, Inc. ("Par") and IntelGenx Technologies Corp. ("IGX", and together with Par, "Defendants"), answer the Complaint for Patent Infringement of Plaintiffs Reckitt Benckiser Pharmaceuticals, Inc. ("RBP") and MonoSol Rx, LLC ("MonoSol") (collectively, "Plaintiffs") as follows:

### NATURE OF THE ACTION

1.     This is an action for patent infringement related to United States Patent Nos. 8,900,497 ("the '497 patent") and 8,906,277 ("the '277 patent") (collectively, "the patents-in-suit") arising under the Patent Laws of the United States, Title 35 of the United States Code.

**Answer:** Defendants admit that Plaintiffs purport to bring this action under the Patent Laws of the United States. Defendants deny that Plaintiffs properly state a claim for patent infringement. Defendants further admit that Par submitted an ANDA to the FDA seeking approval to manufacture and sell a generic sublingual film containing buprenorphine

1

hydrochloride and naloxone hydrochloride prior to the expiration of the '497 patent and the '277 patent.  Defendants deny the remaining allegations in paragraph 1 of the Complaint.

## THE PARTIES

2.      Plaintiff RBP is a Delaware corporation having a principal place of business at 10710 Midlothian Turnpike, Suite 430, Richmond, Virginia.

**Answer:**  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and therefore deny them.

3.      Plaintiff MonoSol is a Delaware limited liability corporation having a principal place of business at 30 Technology Drive, Warren, New Jersey.

**Answer:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and therefore deny them.

4.      Defendant Par is a Delaware corporation having a principal place of business at One Ram Ridge Road, Spring Valley, New York 10977.

**Answer:**  Defendants admit the allegations of paragraph 4 of the Complaint.

5.      Defendant IGX is a Delaware corporation having a principal place of business at 6425 Abrams, Ville St-Laurent (Quebec), Canada.

**Answer:**  Defendants admit the allegations in paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U. S.C. §§ 1331, 1338(a), 2201, and 2202.

**Answer:**  Defendants state that they do not contest subject matter jurisdiction over this action.

2

7.      On information and belief, Par is in the business of, *inter alia*, developing,

manufacturing, obtaining regulatory approval, marketing, selling, and distributing generic copies

of branded pharmaceutical products in Delaware and throughout the United States.

**Answer:** Defendants state that Par Pharmaceutical, Inc. is in the business of making

and selling generic and branded pharmaceutical products, which it distributes, markets,

and/or sells in Delaware and throughout the United States.  To the extent there are any

remaining allegations in paragraph 7 of the Complaint, Defendants deny them.

8.      Par has previously submitted to the jurisdiction of the United States District Court

for the District of Delaware, for example, by bringing the patent infringement suit *Par*

*Pharmaceutical Inc. v. Breckenridge Pharmaceutical Inc.*, C.A. No. 13-1114-SLR, and by

submitting to jurisdiction in *Reckitt Benckiser Pharmaceuticals Inc. et. al. v. Par*

*Pharmaceutical, Inc. and Intelgenx Technologies Corp.*, Civil Action No. 1:14-cv-00422-RGA

("C.A. 14-422").

**Answer:** Defendants state that Par has previously filed suit in the United States

District Court for the District of Delaware, for example by bringing the patent infringement

suit *Par Pharmaceutical Inc. v. Breckenridge Pharmaceutical Inc.*, C.A. No. 13-1114-SLR.

Defendants further state that Par did not contest the jurisdiction in C.A. No. 14-422.  To the

extent there are any remaining allegations in paragraph 8 of the Complaint, Defendants deny

them.

9.      This Court has personal jurisdiction over Par because of, *inter alia*, Par's

incorporation in Delaware, its continuous and systematic contacts with corporate entities within

this judicial district, its previous submission to the jurisdiction of this judicial district, and its

marketing and sales activities in this judicial district, including, but not limited to, the substantial,

3

continuous, and systematic distribution, marketing, and/or sales of generic pharmaceutical products to residents of this judicial district.

**Answer:** Defendants state that they do not contest this Court's personal jurisdiction over Par for purposes of this action.

10.     On information and belief, IGX is a holding company that owns one or more wholly owned subsidiaries that are focused on the development of oral controlled-release products as well as rapidly disintegrating delivery systems.

**Answer:** Defendants state that IGX is a holding company that owns one or more wholly-owned  subsidiaries that are focused on the development of oral controlled release products as well as rapidly disintegrating delivery systems.  To the extent there are any remaining allegations in paragraph 10 of the Complaint, Defendants deny them.

11.     IGX, directly or through its affiliates, has previously submitted to the jurisdiction of the United States District Court for the District of Delaware, for example in *Reckitt Benckiser Pharmaceuticals Inc. et. al. v. Par Pharmaceutical, Inc. and Intelgenx Technologies Corp.*, C.A. 14-422.

**Answer:** Defendants state that IGX did not contest jurisdiction in C.A. No. 14-422. To the extent there are any remaining allegations in paragraph 11 of the Complaint, Defendants deny them.

12.     This Court has personal jurisdiction over IGX because of, *inter alia*, IGX's incorporation in Delaware, its continuous and systematic contacts with corporate entities within this judicial district, and its previous submission to the jurisdiction of this judicial district.

RLF1 11419956v.1

**Answer:** Defendants state that IGX does not contest this Court's personal jurisdiction over IGX for purposes of this action.

13.      Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400.

**Answer:** Defendants state that Defendants do not contest venue in this District for purposes of this action.

### SUBOXONE® SUBLINGUAL FILM

14.      Plaintiff RBP is the holder of New Drug Application ("NDA") No. 22-410 for Suboxone® (buprenorphine hydrochloride and naloxone hydrochloride) sublingual film.

**Answer:** Defendants state that the *Approved Drug Products with Therapeutic Equivalence Evaluations* (the "Orange Book") entry for NDA No. 22-410 lists "Reckitt Benckiser" as the applicant. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the Complaint and therefore deny them.

15.      On August 30, 2010, the FDA approved NDA No. 22-410 for the manufacture, marketing, and sale of Suboxone® sublingual film for the maintenance treatment of opioid dependence. Plaintiff RBP has sold Suboxone® sublingual film under NDA No. 22-410 since its approval.

**Answer:** Defendants state that the Orange Book entry for NDA No. 22-410 lists the FDA approval date as August 30, 2010. Defendants state that the labeling for Suboxone® sublingual film dated April 2014 states that Suboxone® sublingual film is "indicated for treatment of opioid dependence." Defendants lack knowledge or information sufficient to

5

form a belief as to the truth of the remaining allegations in paragraph 15 of the Complaint and therefore deny them.

## THE PENDING ANDA LITIGATION BETWEEN THE PARTIES

16.     Plaintiffs and Defendants (collectively "Parties") are involved in ongoing litigation in this District, C.A. 14-422.

**Answer:**  Defendants admit the allegations of paragraph 16 of the Complaint.

17.     C.A. 14-422 relates to Defendant Par's submission of an Abbreviated New Drug Application No. 20-5854 ("ANDA No. 20-5854") to the Food and Drug Administration ("FDA") seeking approval to manufacture and sell a generic version of Plaintiff RBP's Suboxone® sublingual film prior to the expiration of three of Plaintiffs' patents, listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations (the "Orange Book") as covering Suboxone® sublingual film.

**Answer:**  Defendants admit that the Complaint in C.A. No. 14-422 purports to relate to Par's submission of ANDA No. 20-5854 to the FDA under 21 U.S.C. § 355(j), seeking approval to engage in commercial manufacture, use, and/or sale of Par's generic product before expiration of the patents listed in the Orange Book as covering Suboxone® sublingual film.  To the extent that paragraph 17 of the Complaint contains additional allegations, Defendants deny them.

18.     The patents at issue in C.A. 14-422 include Patent Nos. 8,475,832 ("the '832 patent"), 8,017,150 ("the '150 patent"), and 8,603,514 ("the '514 patent").

**Answer:**  Defendants admit the allegations of paragraph 18 of the Complaint.

19.     Par's ANDA No. 20-5854 included a certification pursuant to 21 U.S.C.§ 355(j)(2)(A)(vii)(IV) (a "Paragraph IV certification") alleging that the '832, '150,

6

and the '514 patents are invalid, unenforceable, and/or will not be infringed by the

manufacture, use, or sale of the generic product proposed in the ANDA.

**Answer:** Defendants admit the allegations of paragraph 19 of the Complaint.

20.     Plaintiffs commenced C.A. 14-422 within 45 days of receiving the relevant

notice letters from Defendant Par, to preserve their right to a 30-month stay under 21

U.S.C.§ 355(j)(5)(B)(iii).

**Answer:** Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 20 of the Complaint and therefore deny them.

## THE PATENTS-IN-SUIT

21.     This current action relates to the '497 and '277 patents.

**Answer:** Defendants admit the Complaint in the current action purports to relate to

the '497 and '277 patents.

22.     Plaintiff Monosol is the lawful owner of the '497 patent, and Plaintiff RBP is

an exclusive licensee of the '497 patent. The '497 patent, entitled "Process for Making a

Film Having a Substantially Uniform Distribution of Components," duly and legally issued

on December 2, 2014, naming Robert K. Yang, Richard C. Fuisz, Garry L. Myers, and

Joseph M. Fuisz as inventors. A true copy of the '497 patent is attached hereto as Exhibit A.

**Answer:** Defendants admit that the '497 patent issued on December 2, 2014.

Defendants admit that the '497 patent is entitled "Process for Making a Film Having a

Substantially Uniform Distribution of Components." Defendants state that Robert K. Yang,

Richard C. Fuiz [sic], Garry L. Myers, and Joseph M. Fuiz [sic] are listed as inventors on

the face of the '497 patent. Defendants deny that the '497 patent was duly and legally

issued. Defendants state that Plaintiff Monosol is listed as the assignee on the face of the

7

'497 patent. Defendants admit that what appears to be a copy of the '497 patent is attached to the Complaint as Exhibit A. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of the Complaint and therefore deny them.

23.     Plaintiff Monosol is the lawful owner of the '277 patent, and Plaintiff RBP is an exclusive licensee of the '277 patent. The '277 patent, entitled "Process for Manufacturing Resulting Pharmaceutical Film," duly and legally issued on December 9, 2014, naming Robert K. Yang, Richard C. Fuisz, Garry L. Myers, and Joseph M. Fuisz as inventors. A true copy of the '277 patent is attached hereto as Exhibit B.

**Answer:** Defendants admit that the '277 patent issued on December 9, 2014. Defendants admit that the '277 patent is entitled "Process for Manufacturing a Resulting Pharmaceutical Film." Defendants state that Robert K. Yang, Richard C. Fuisz, Garry L. Myers, and Joseph M. Fuisz are listed as inventors on the face of the '277 patent. Defendants deny that the '277 patent was duly and legally issued. Defendants state that Plaintiff Monosol is listed as the assignee on the face of the '277 patent. Defendants admit that what appears to be a copy of the '277 patent is attached to the Complaint as Exhibit B. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the Complaint and therefore deny them.

## DEFENDANTS' GENERIC PRODUCT

24.     Plaintiff Par has submitted ANDA No. 20-5854 to the FDA under 21 U.S.C. § 355(j), seeking approval to engage in commercial manufacture, use, and/or sale of buprenorphine hydrochloride and naloxone hydrochloride sublingual film ("Defendants' generic product") before expiration of the patents-in-suit.

8

**Answer:**  Defendants admit that Par has submitted ANDA No. 20-5854 to the FDA under 21 U.S.C. § 355(j), seeking approval to engage in commercial manufacture, use, and/or sale of Par's generic product before expiration of the Patents-in-Suit.  To the extent that paragraph 24 of the Complaint contains additional allegations, Defendants deny them.

25.     Defendant IGX has entered into a co-development and commercialization agreement with Defendant Par for the commercial manufacture, use, and/or sale of Defendants' generic product.

**Answer:**  Defendants state that IGX and Par have entered into an agreement relating to the development of a buprenorphine/naloxone sublingual film product.  Defendants further state that the terms of that agreement speak for themselves.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 of the Complaint and therefore deny them.

26.     ANDA No. 20-5854 refers to and relies on Plaintiff RBP's NDA for Suboxone® sublingual film and purports to contain data showing bioequivalence of Defendants' generic product with Suboxone® sublingual film.

**Answer:**  Defendants admit that ANDA No. 20-5854 identifies Plaintiff RBP's NDA for Suboxone® sublingual film as the Reference Listed Drug pursuant to statute, and that ANDA No. 20-5854 contains data demonstrating that Par's generic product meets FDA requirements for bioequivalence with respect to Suboxone® sublingual film.  To the extent that paragraph 26 of the Complaint contains additional allegations, Defendants deny them.

27.     On information and belief, Defendants' generic product will be produced using a method protected by the patents-in-suit.

**Answer:**  Defendants deny the allegations in paragraph 27 of the Complaint.

9

## COUNT I
**(Declaratory Judgment of Infringement of the '497 Patent Under 35 U.S.C. § 271)**

28.     Plaintiffs reallege paragraphs 1-27 above as if fully set forth herein.

**Answer:**  Defendants repeat and reallege their answers to paragraphs 1-27 as if fully set forth herein.

29.     On information and belief, unless enjoined by this Court, Defendants plan and intend to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Defendants' generic product immediately following approval of ANDA No. 20-5854.

**Answer:**  Defendants admit that Par intends to engage in the manufacture, use, and/or sale of Par's generic product upon approval of ANDA No. 20-5854.  To the extent that paragraph 29 of the Complaint contains additional allegations, Defendants deny them.

30.     On information and belief, Defendants' commercial manufacture of Defendants' generic product before the expiration of the '497 patent would infringe one or more claims of the '497 patent under 35 U.S.C. § 271.

**Answer:**  Defendants deny the allegations in paragraph 30 of the Complaint.

31.     The acts of infringement by Defendants set forth above will cause Plaintiffs irreparable harm for which they have no adequate remedy at law, and those acts will continue unless enjoined by this Court.

**Answer:**  Defendants deny the allegations in paragraph 30 of the Complaint.

## COUNT II
**(Declaratory Judgment of Infringement of the '277 Patent Under 35 U.S.C. § 271)**

32.     Plaintiffs reallege paragraphs 1-31 above as if fully set forth herein.

**Answer:** Defendants repeat and reallege their answers to paragraphs 1-31 as if fully set forth herein.

33.     On information and belief, unless enjoined by this Court, Defendants plan and intend to engage in the manufacture, use, offer -for sale, sale, marketing, distribution, and/or importation of Defendants' generic product immediately following approval of ANDA No. 20-5854.

**Answer:** Defendants admit that Par intends to engage in the manufacture, use, and/or sale of Par's generic product upon approval of ANDA No. 20-5854.  To the extent that paragraph 33 of the Complaint contains additional allegations, Defendants deny them.

34.     On information and belief, Defendants' commercial manufacture of Defendants' generic product before the expiration of the '277 patent would infringe one or more claims of the '277 patent under 35 U.S.C. § 271.

**Answer:** Defendants deny the allegations in paragraph 34 of the Complaint.

35.     The acts of infringement by Defendants set forth above will cause Plaintiffs irreparable harm for which they have no adequate remedy at law, and those acts will continue unless enjoined by this Court.

**Answer:** Defendants deny the allegations in paragraph 35 of the Complaint.

### AFFIRMATIVE DEFENSES

1.     The claims of the '497 and '277 patents are invalid under 35 U.S.C. § 1 *et seq.* and/or the doctrine of obviousness-type double patenting.

2.     Par Pharmaceutical, Inc.'s filing of ANDA No. 20-5854 was not an act of infringement of any valid claim of the '497 and '277 patents.

11

3.      The manufacture, use, offer for sale, sale, marketing, distribution, or importation of the product that is the subject of Par Pharmaceutical, Inc.'s ANDA No. 20-5854 would not infringe any claim of the '497 and '277 patents.

4.      Par Pharmaceutical, Inc. and IntelGenx Technologies Corp. have not induced infringement of '497 and '277 patents.

5.      The Complaint fails to state a claim for which relief can be granted.

6.      The relief requested in the Complaint is barred by the doctrines of estoppel and/or waiver.

## COUNTERCLAIMS

Par Pharmaceutical, Inc. ("Par") and IntelGenx Technologies Corp. ("IGX"), and together with Par, "Defendants") assert the following Counterclaims against Reckitt Benckiser Pharmaceuticals, Inc. ("RBP") and MonoSol Rx, LLC ("MonoSol") (collectively, "Plaintiffs"):

## THE PARTIES

1.      Par Pharmaceutical, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at One Ram Ridge Road, Spring Valley, New York 10977.

2.      IntelGenx Technologies Corp. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 6425 Abrams, Ville St-Laurent (Quebec), Canada.

3.      RBP asserts in its Complaint that it is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 10710 Midlothian Turnpike, Suite 430, Richmond, Virginia.

12

4.      MonoSol asserts in its Complaint that it is a Delaware corporation with a principal place of business at 30 Technology Drive, Warren, New Jersey.

## NATURE OF THE ACTION

5.      Defendants seek a declaratory judgment under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, that United States Patent Nos. 8,900,497 (the "'497 patent") and 8,906,277 (the "'277 patent") are invalid and not infringed.

## JURISDICTION AND VENUE

6.      This Court has original and supplemental jurisdiction over the subject matter of these claims under 28 U.S.C. §§ 1331, 1338(a), 1357, 1367, 2201, and 2202.

7.      This Court has personal jurisdiction over RBP based, *inter alia*, on the filing by RBP of this lawsuit in this jurisdiction.

8.      This Court has personal jurisdiction over MonoSol based, *inter alia*, on the filing by MonoSol of this lawsuit in this jurisdiction

9.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c), 1400(b), and Plaintiffs' choice of forum.

## BACKGROUND - SUBOXONE® SUBLINGUAL FILM

10.     On information and belief, RBP is the holder of New Drug Application ("NDA'') No. 22-410 for Suboxone® (buprenorphine hydrochloride and naloxone hydrochloride) sublingual film.  In connection with NDA No. 22-410, RBP caused the FDA to list United States Patent Nos. 8,017,150 (the "'150 patent"), 8,475,832 (the "'832 patent") and 8,603,514 (the "'514 patent") in the publication *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book").

13

## THE PATENTS-IN-SUIT

11.    The '497 patent, entitled "Process for Making A Film Having A Substantially

Uniform Distribution of Components," issued on December 2, 2014.

12.    The '277 patent, entitled "Process For Manufacturing A Resulting

Pharmaceutical Film," issued on December 9, 2014.

13.    On information and belief, MonoSol is the owner of the '497 and '277

patents.

14.    On information and belief, RBP is an exclusive assignee of the '497 and '277

patents.

15.    Neither the '497 patent nor the '277 patent are listed in the Orange Book for

NDA No. 22-410 for Suboxone® (buprenorphine hydrochloride and naloxone hydrochloride)

sublingual film.

## THE PENDING ANDA LITIGATION BETWEEN THE PARTIES

16.    Par submitted Abbreviated New Drug Application ("ANDA") No. 205854 for

Par's ANDA product ("Par's ANDA") to obtain regulatory approval to engage in the

commercial manufacture, use, or sale of generic buprenorphine hydrochloride and naloxone

hydrochloride sublingual film, before the expiration of the '150, '832 and '514 patents.  As

required by statute for a generic drug, Par's proposed drug product is bioequivalent to

Suboxone® sublingual film and has the same active ingredient, strength, dosage form, and

route of administration.  Par made certifications pursuant to 21 U.S.C. § 55G)(2)(A)(vii)(IV)

("paragraph IV certification") that the '150, '832 and '514 patents are invalid,

unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of

14

the buprenorphine hydrochloride and naloxone hydrochloride sublingual film products that are the subject of Par's ANDA.

17.     On July 8, 2013, pursuant to 21 U.S.C. § 355(j)(2)(B)(ii)(II), Par notified each of Plaintiffs of Par's paragraph IV certifications with respect to the '150 and '832 patents filed with its ANDA. Par also provided to each of Plaintiffs an Offer of Confidential Access pursuant to 21 U.S.C. § 355(j)(5)(C)(i)(lll) (the "Offer"). Par provided the Offer to each of Plaintiffs offering to provide access to Par's ANDA for the sole purpose of determining whether an action referred to in 21 U.S.C. § 355(j)(5)(B)(iii) for infringement of the '150 and '832 patents should be brought.

18.     On July 29, 2013, Plaintiffs objected to the terms of the Offer.

19.     On August 20, 2013, Plaintiffs filed their Complaint in C.A. No. 13-1461-RGA alleging infringement of the '150 and '832 patents by Par and IGX.

20.     On February 3, 2014, based on Plaintiffs' listing of the '514 patent in the Orange Book after the filing of Par's ANDA and pursuant to 21 U.S.C. § 355(j)(2)(B)(ii)(II), Par notified each of Plaintiffs of Par's paragraph IV certifications with respect to the '150, '832 and '514 patents filed with its ANDA. Par also provided to each of Plaintiffs an Offer of Confidential Access pursuant to 21 U.S.C. § 355(j)(5)(C)(i)(lll) (the "Offer"). Par provided the Offer to each of Plaintiffs offering to provide access to Par's ANDA for the sole purpose of determining whether an action referred to in 21 U.S.C. § 355(j)(5)(B)(iii) for infringement of the '150, '832 and '514 patents should be brought.

21.     On February 18, 2014, Plaintiffs filed their Amended Complaint in C.A. No. 13-1461-RGA alleging infringement of the '150, '832 and '514 patents.

15

22.     On March 25, 2014, pursuant to 21 U.S.C. § 355(j)(2)(B)(ii)(I), Par notified

each of Plaintiffs of Par's paragraph IV certifications with respect to the '150, '832 and '514

patents filed with its ANDA.   Par also provided to each of Plaintiffs an Offer of Confidential

Access pursuant to 21 U.S.C. § 355(j)(5)(C)(i)(lll) (the "Offer").   Par provided the Offer to

each of Plaintiffs offering to provide access to Par's ANDA for the sole purpose of

determining whether an action referred to in 21 U.S.C. § 355G)(5)(B)(iii) for infringement of

the '150,  '832 and '514 patents should be brought.

23.     On April 4, 2014, Plaintiffs filed their Complaint in *Reckitt Benckiser*

*Pharmaceuticals Inc. et. al. v. Par Pharmaceutical, Inc. and Intelgenx Technologies Corp.*,

C.A. No. 14-422-RGA, alleging infringement of the '150, '832, and '514 patents.

24.     On January 5, 2015, Plaintiffs filed their Complaint  in the instant action

alleging infringement of the '497 and '277 patents.

## COUNT ONE
### (Declaratory Judgment Regarding U.S. Patent No. 8,900,497)

25.     Defendants reallege paragraphs 1-24 of the Counterclaims as if fully set forth

herein.

26.     The claims of the '497 patent are invalid for failure to satisfy the requirements

of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C.

§§ 101, 102, 103, and 112 and/or the doctrine of obviousness-type double patenting.

27.     Par's filing of Par's ANDA did not infringe any valid claim of the '497 patent.

28.     The commercial manufacture, use, offer for sale, sale, or importation of Par's

ANDA product would not infringe any valid claim of the '497 patent.

29.     An actual and justiciable controversy exists between the parties with respect to the '497 patent, and Defendants are entitled to a declaratory judgment that the '497 patent is invalid and not infringed.

30.     This is an exceptional case, and Defendants are entitled to their costs and reasonable attorneys' fees.

**COUNT TWO**
**(Declaratory Judgment Regarding U.S. Patent No. 8,906,277)**

31.     Defendants reallege paragraphs 1-30 of the Counterclaims as if fully set forth herein.

32.     The claims of the '277 patent are invalid for failure to satisfy the requirements of Title 35 of the United States Code, including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, and 112 and/or the doctrine of obviousness-type double patenting.

33.     Par's filing of Par's ANDA did not infringe any valid claim of the '277 patent.

34.     The commercial manufacture, use, offer for sale, sale, or importation of Par's ANDA product would not infringe any valid claim of the '277 patent.

35.     An actual and justiciable controversy exists between the parties with respect to the '277 patent, and Defendants are entitled to a declaratory judgment that the '277 patent is invalid and not infringed.

36.     This is an exceptional case, and Defendants are entitled to their costs and reasonable attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Plaintiffs and grant the following relief:

17

A.     Declare that the claims of the '497 patent are invalid;

B.     Declare that the manufacture, use, offer for sale, sale, or importation of Par's ANDA product would not infringe any valid claim of the '497 patent;

C.     Declare that the claims of the '277 patent are invalid;

D.     Declare that the manufacture, use, offer for sale, sale, or importation of Par's ANDA product would not infringe any valid claim of the '277 patent;

E.     Award Defendants their costs and reasonable attorneys' fees; and

F.     Award Defendants such other and further relief as the Court deems just and proper.

RLF1 11419956v.1

Of Counsel:

Daniel G. Brown
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022
(212) 906-1200
Daniel.Brown@lw.com

James K. Lynch
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600
Jim.Lynch@lw.com

Jennifer Koh
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
(858) 523-5400
Jennifer.Koh@lw.com

Emily C. Melvin
LATHAM & WATKINS LLP
330 North Wabash Drive, Suite 2800
Chicago, IL  60606
(312) 876-7700
Emily.Melvin@lw.com

Michelle R. Ma
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600
Michelle.Ma@lw.com


Dated:  January 26, 2015

/s/ Steven J. Fineman
Steven J. Fineman (#4025)
Katharine C. Lester (#5629)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square, P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
fineman@rlf.com
lester@rlf.com

*Attorneys for Defendants Par
Pharmaceutical, Inc. and IntelGenx
Technologies Corp.*

RLF1 11419956v.1