**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RECKITT BENCKISER PHARMACEUTICALS INC., and MONOSOL RX, LLC,<br><br>Plaintiffs,<br>v.<br>PAR PHARMACEUTICAL, INC. and INTELGENX TECHNOLOGIES CORP.,<br><br>Defendants. | ) | CA. No. 14-1573-RGA |

**PLAINTIFFS' ANSWER TO DEFENDANTS' COUNTERCLAIMS**

Plaintiffs Reckitt Benckiser Pharmaceuticals, Inc. ("RBP") and MonoSol Rx, LLC ("MonoSol") (collectively, "Plaintiffs") herein reply to the numbered paragraphs of the Counterclaims of Defendants Par Pharmaceutical, Inc. ("Par") and IntelGenX Technologies Corp. ("IGX", and together with Par, "Defendants"), as alleged in Defendants' January 26, 2015 Answer To Complaint For Patent Infringement, as follows:

**COUNTERCLAIMS**

**The Parties**

1. Plaintiffs lack sufficient knowledge or information to admit or deny the allegations in paragraph 1 and, therefore, deny the same.

2. Plaintiffs lack sufficient knowledge or information to admit or deny the allegations in paragraph 2 and, therefore, deny the same.

3. RBP admits that it is a Delaware corporation having a principal place of business at 10710 Midlothian Turnpike, Suite 430, Richmond, Virginia.

4. MonoSol admits that it is a Delaware limited liability corporation having a principal place of business at 30 Technology Drive, Warren, New Jersey.

**Nature of the Action**

5. Plaintiffs admit that Defendants purport to bring counterclaims for a declaratory judgment. Plaintiffs deny all other allegations in paragraph 5.

**Jurisdiction**

6. Paragraph 6 states a legal conclusion to which no reply is required. To the extent a reply is required, Plaintiffs admit that this Court has subject matter jurisdiction over Defendants' counterclaims in this action relating to U.S. Patent Nos. 8,900,497 ("the '497 patent"), and 8,906,277 ("the '277 patent") (collectively, "the patents-in-suit").

7. Paragraph 7 states a legal conclusion to which no reply is required. To the extent a reply is required, RBP admits that this Court has personal jurisdiction over RBP in this action due to Plaintiffs' filing of a civil action in this judicial district against Defendants.

8. Paragraph 8 states a legal conclusion to which no reply is required. To the extent a reply is required, MonoSol admits that this Court has personal jurisdiction over MonoSol in this action due to Plaintiffs' filing of a civil action in this judicial district against Defendants.

9. Paragraph 9 states a legal conclusion to which no reply is required. To the extent a reply is required, Plaintiffs admit that venue for this action is proper in this Court.

**Background-Suboxone® Sublingual Film**

10. Plaintiffs admit the allegations in paragraph 10.

**The Patents-In-Suit**

11. Plaintiffs admit the allegations in paragraph 11.

12. Plaintiffs admit the allegations in paragraph 12.

13. Plaintiffs admit that MonoSol is the lawful owner of the '497 patent and the '277 patent.

14. Plaintiffs admit that RBP is the exclusive licensee of the ’497 patent and the ’277 patent. Plaintiffs deny all other allegations in paragraph 14.

15. Plaintiffs admit the allegations in paragraph 15.

**The Pending ANDA Litigation Between The Parties**

16. Plaintiffs admit the allegations of the first and third sentences of paragraph 16. Plaintiffs lack sufficient knowledge or information to admit or deny the allegations in the second sentence of paragraph 16 and, therefore, deny the same.

17. Plaintiffs admit to receipt of letters from Par during July 2013 purporting to provide notice of Paragraph IV certifications. Plaintiffs admit the second sentence of paragraph 17. Plaintiffs lack sufficient knowledge or information to admit or deny the remaining allegations in the first sentence of paragraph 17 and all allegations in the third sentence of paragraph 17 and, therefore, deny the same.

18. Plaintiffs state that to the extent Par’s allegation characterizes a letter dated July 29, 2013, the letter speaks for itself. Plaintiffs deny the allegations of paragraph 18, except admit that Plaintiffs objected to the terms of the Offer.

19. Plaintiffs deny the allegations in paragraph 19, and state that Plaintiffs in this litigation were among the plaintiffs who filed the Complaint in C.A. No. 13-1461-RGA against the defendants in this litigation and LTS Lohmann Therapy Systems Corp. for infringement of the ’150 patent and the ’832 patent.

20. Plaintiffs admit that Defendants notified Plaintiffs of Par’s paragraph IV certifications with respect to the ’150, ’832, and ’514 patents filed with its ANDA. Plaintiffs lack sufficient knowledge or information to admit or deny the remaining allegations in the first sentence of paragraph 20 and, therefore, deny the same. Plaintiffs admit the second sentence of

paragraph 20. Plaintiffs lack sufficient knowledge or information to admit or deny the allegations in the third sentence of paragraph 20 and, therefore, deny the same.

21. Plaintiffs deny the allegations in paragraph 21, and state that Plaintiffs in this litigation were among the plaintiffs who filed the First Amended Complaint in C.A. No. 13-1461-RGA against the defendants in this litigation for infringement of the ’150 patent, the ’832 patent, and the ’514 patent.

22. Plaintiffs admit that Defendants notified Plaintiffs of Par’s paragraph IV certifications with respect to the ’150, ’832, and ’514 patents filed with its ANDA. Plaintiffs lack sufficient knowledge or information to admit or deny the remaining allegations in the first sentence of paragraph 22 and, therefore, deny the same. Plaintiffs admit the second sentence of paragraph 22. Plaintiffs lack sufficient knowledge or information to admit or deny the allegations in the third sentence of paragraph 22 and, therefore, deny the same.

23. Plaintiffs deny the allegations in paragraph 23, and state that Plaintiffs in this litigation were among the plaintiffs who filed the Complaint For Patent Infringement in C.A. No. 14-422-RGA against the defendants in this litigation for infringement of the ’150 patent, the ’832 patent, and the ’514 patent.

24. Plaintiffs deny the allegations in paragraph 24 and state that, on December 31, 2014, Plaintiffs filed their Complaint in the instant action alleging infringement of the ’497 and ’277 patents.

**COUNT ONE**

**(Declaratory Judgment regarding U.S. Patent No. 8,900,497)**

25. Plaintiffs repeat the responses contained in paragraphs 1-24 of their Answer as if fully set forth herein.

26. Plaintiffs deny the allegations of paragraph 26.

27. Plaintiffs deny the allegations of paragraph 27.

28. Plaintiffs deny the allegations of paragraph 28.

29. Plaintiffs admit an actual and justiciable controversy exists between the parties with respect to the ’497 patent. Plaintiffs deny that Defendants are entitled to the relief described in paragraph 29, or to any relief whatsoever.

30. Plaintiffs deny the allegations of paragraph 30.

**COUNT TWO**

**(Declaratory Judgment regarding U.S. Patent No. 8,906,277)**

31. Plaintiffs repeat the responses contained in paragraphs 1-30 of their Answer as if fully set forth herein.

32. Plaintiffs deny the allegations of paragraph 32.

33. Plaintiffs deny the allegations of paragraph 33.

34. Plaintiffs deny the allegations of paragraph 34.

35. Plaintiffs admit an actual and justiciable controversy exists between the parties with respect to the ’277 patent. Plaintiffs deny that Defendants are entitled to the relief described in paragraph 35, or to any relief whatsoever.

36. Plaintiffs deny the allegations of paragraph 36.

**PRAYER FOR RELIEF**

The “WHEREFORE” paragraph following paragraph 36 of the Counterclaims and the six lettered paragraphs A-F that follow it purport to state Defendants’ prayer for relief, to which no response is required. To the extent that a response is required, Plaintiffs deny the allegations set forth in the “WHEREFORE” paragraph following paragraph 36 of the Counterclaims and the six

lettered paragraphs A-F that follow it and deny that Defendants are entitled to any of the relief described therein, or to any relief whatsoever.

Plaintiffs deny any and all allegations of the Counterclaims not expressly admitted herein.

WHEREFORE, Plaintiffs respectfully request the following relief:

(a) An order dismissing Defendants' Counterclaims with prejudice, and a judgment that Defendants are not entitled to the relief sought, or to any other relief on their Counterclaims;

(b) An order granting each and every Prayer for Relief sought by Plaintiffs in their Complaint;

(c) An award of costs and expenses of Plaintiffs in defending the Counterclaims; and

(d) Such other and further relief as the Court deems just and proper.

Dated: February 20, 2015

Respectfully submitted,

_/s/ Dana K. Severance_
Mary W. Bourke (#2356)
Dana K. Severance (#4869)
WOMBLE CARLYLE SANDRIDGE & RICE, LLP
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
(302) 252-4320
(302) 252-4330 (Fax)
mbourke@wcsr.com
dseverance@wcsr.com

*Counsel for Plaintiffs*

*Of Counsel:*

Daniel A. Ladow
James M. Bollinger
Timothy P. Heaton
J. Magnus Essunger
TROUTMAN SANDERS LLP
405 Lexington Avenue
New York, NY 10174
(212) 704-6000
(212) 704-6288 (Fax)
Daniel.ladow@troutmansanders.com
James.bollinger@troutmansanders.com
Timothy.heaton@troutmansanders.com
Magnus.Essunger@troutmansanders.com

Troy S. Kleckley
Puja Patel Lea
TROUTMAN SANDERS LLP
600 Peachtree Street, NE
Suite 5200

Atlanta, GA 30308
(404) 885-3000
(404) 885-3900 (Fax)
Troy.kleckley@troutmansanders.com
Puja.lea@troutmansanders.com

Robert E. Browne, Jr.
TROUTMAN SANDERS LLP
55 West Monroe Street, Suite 300
Chicago, IL 60603
(312) 759-1923
(773) 877-3739 (Fax)
Robert.browne@troutmansanders.com

Charanjit Brahma
TROUTMAN SANDERS LLP
401 9th Street, N.W., Suite 1000
Washington, DC 20004
(202) 274-2816
(202) 274-2994 (Fax)
Charanjit.brahma@troutmansanders.com

*Attorneys for Plaintiff Reckitt Benckiser Pharmaceuticals Inc.*

James F. Hibey
Timothy C. Bickham
Rachel M. Hofstatter
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington DC 20036
(202) 429-3000
(202) 429-3902 (Fax)
jhibey@steptoe.com
tbickham@steptoe.com
rhofstatter@steptoe.com

David L. Hecht
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
(212) 506-3905
(212) 506-3950 (Fax)
dhecht@steptoe.com

*Attorneys for Plaintiff MonoSol Rx, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of February, 2015 I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on the following counsel of record via electronic mail:

Jennifer Koh
LATHAM & WATKINS LLP
12670 High Bluff Drive2015
San Diego, CA 92130
(858) 523-5400
(858) 523-5450 (Fax)
Jennifer.koh@lw.com

Emily C. Melvin
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7700
(312) 993-9767 (Fax)
Emily.melvin@lw.com

Michelle R. Ma
LATHAM & WATKINS LLP
140 Scott Drive
Menlo park, CA 94025
(650) 328-4600
(650) 463-2600 (Fax)
Michelle.ma@lw.com

Steven J. Fineman
Katharine C. Lester
RICHARDS LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
(302) 651-7701 (Fax)
fineman@rlf.com
lester@rlf.com

*/s/ Dana K. Severance*
Dana K. Severance (#4869)
Womble Carlyle Sandridge & Rice, LLP
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
(302) 252-4329
(302) 252-4330 (Fax)
dseverance@wcsr.com

33692562